FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -5  PM 3:31

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY JOSEPH GRAFFIA, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1634** |
| **HARRY LEE, SHERIFF OF**<br>**JEFFERSON PARISH, ET AL.** | **SECTION "C" (1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Anthony Joseph Graffia, Jr., was incarcerated at the Jefferson Parish Correctional Center at the time he filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants Sheriff Harry Lee and the Jefferson Parish Correctional Center Medical Department. In his complaint, plaintiff claims that he was not given pain medication as prescribed and that he was not given access to a sanitary source of drinking water. As relief, he seeks monetary damages.[1]

On November 30, 2005, a <u>Spears</u> hearing was held to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).[2] At that hearing, plaintiff was sworn and his testimony was recorded.

---

[1] Plaintiff alternatively requested that he be released from the Jefferson Parish Correctional Center. That request is now moot, in that plaintiff is no longer incarcerated at that facility.

[2] "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003,

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No_____

Based on his complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Plaintiff's first claim is that, while incarcerated at the Jefferson Parish Correctional Center, he was not given pain medication as prescribed. Plaintiff testified that he suffers from chronic back pain, and that the doctors at the facility had ordered that he be given muscle relaxers and pain medication three times per day, i.e. at 7 a.m., 2 p.m., and 6:30 p.m. Plaintiff testified that jail officers repeatedly refused to give him his 2 p.m. medication. The problem was eventually resolved once petitioner filed an administrative grievance, but his claim is based on the fact that, prior to that time, he went several months without getting his 2:00 p.m. medication.

Plaintiff's second claim is that he was not given access to a sanitary source of drinking water while incarcerated at the Jefferson Parish Correctional Center. Plaintiff states that the jail did not have water coolers or drinking fountains, and, as a result, inmates were forced to get their drinking water from the two sinks in the jail pod. Plaintiff complains that the sinks are "nasty" and unsanitary, in that they are where the inmates shave, spit, wash their hands, and brush their teeth. Plaintiff complains that the situation left him nauseated, although the medical unit claimed that nothing was wrong with him.

Plaintiff is no longer incarcerated at the Jefferson Parish Correctional Center. At the <u>Spears</u> hearing, he stated that he is currently incarcerated at the Ouachita Correctional Center.

---

1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id</u>.

Plaintiff filed this lawsuit *in forma pauperis*.[3]  An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.  Broadly reading plaintiff's complaint,[4] and fully considering his Spears hearing testimony, the Court finds that plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

Federal law provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Court finds that plaintiff's

---

[3] Rec. Docs. 3 and 4.

[4] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

claims are barred because, even accepting his allegations as true, he cannot meet the "physical injury" requirement for a cognizable claim.

Plaintiff's first claim is that for a period of several months he was not given one of his three daily doses of pain medication for chronic back pain. The United States Fifth Circuit Court of Appeals has held: "[C]ontinuing back pain is unpleasant. Its existence does not, however, in and of itself demonstrate a constitutional violation." Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Moreover, such pain is insufficient to meet the "physical injury" requirement of § 1997e(e). See Morgan v. Dallas County Sheriff Department, No. 3-04-CV-2172-D, 2005 WL 57282, at *2 (N.D. Tex. June 11, 2005) (Kaplan, M.J.) ("undue pain ... on a regular basis" as result of not receiving medication for rheumatoid arthropathy insufficient to establish "physical injury" requirement) (recommendation adopted by Fitzwater, J., on Aug. 26, 2005, 2005 WL 2075796); Bargalla v. Valdez, No. 3-05-CV-0593-M, 2005 WL 1163304, at *2 (N.D. Tex. May 13, 2005) (Kaplan, M.J.) ("unnecessary pain and suffering" as result of not receiving medication for bipolar disorder and other mental illnesses insufficient to establish "physical injury" requirement) (recommendation adopted by Lynn, J., on June 15, 2005); see also Abney v. Valdez, No. 3-05CV-1645-M, 2005 WL 3147863, at *2 (N.D. Tex. May 13, 2005) (Kaplan, M.J.) (daily migraines, frequent urination, and itchy, watery eyes caused by food allergies insufficient to establish "physical injury" requirement) (recommendation adopted by Lynn, J., on October 22, 2005).

Section 1997e(e) likewise bars plaintiff's claim that the only source of drinking water was allegedly unsanitary sinks. When asked what harm resulted from that condition of his confinement, plaintiff stated that it made him nauseated, although the medical unit claimed that nothing was wrong with him. Such nausea does not qualify as a "physical injury" under § 1997e(e). See Alexander v.

Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (inmate's vomiting and nausea caused by smell of raw sewage on cell floor did not constitute a "physical injury" under § 1997e(e) where no medical attention was required, there was no indication that the nausea was a symptom of a more serious malady, and there were no lasting effects), cert. denied, 541 U.S. 1012 (2004).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of December, 2005.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

**CLERK TO NOTIFY PLAINTIFF AT**
**HIS ADDRESS OF RECORD AND AT THE**
**FOLLOWING ADDRESS:**

**Anthony Joseph Graffia, Jr.**
**Ouachita Correctional Center**
**4801 US-165 By-pass South**
**Monroe, LA 71202**

5